EDWARD S. TEIXEIRA *vs.* BOARD OF ELECTION
COMMISSIONERS OF BOSTON & another.

Suffolk.   September 14, 1972. — September 22, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Elections. Words,* "Communist."

It was error for the board of election commissioners of a city to refuse to accept the nomination papers of a candidate for representative to the General Court seeking certification of signatures on the grounds the papers violated G. L. c. 53, § 8, and c. 50, § 1, although the word "Communist" appeared on a line calling for a statement

of the candidate's "party or political principle," since such word was a statement of political principle, rather than an unlawful assertion of a political party. [529]

BILL IN EQUITY filed in the Superior Court on July 14, 1972.

The suit was heard by *Goldberg, J.*

The case was submitted on briefs.

*John H. Henn* for the plaintiff.

*Lawrence J. Ball,* Assistant Corporation Counsel, for the Board of Election Commissioners of Boston.

HENNESSEY, J. The plaintiff's bill sought declaratory and injunctive relief from a decision of the board of election commissioners of the city of Boston (the board) refusing to accept nomination papers submitted to it by the plaintiff in support of his candidacy for the office of representative to the General Court for the tenth Suffolk district.[1] The board ruled that, because each of the plaintiff's papers contained the word "Communist," the General Laws, particularly G. L. c. 53, § 8, and G. L. c. 50, § 1, required the board to refuse to accept the papers.[2] The case was heard by a judge of the Superior Court upon a statement of agreed facts. The parties have proceeded as though they have presented a case stated, and we have treated the matter accordingly. A decree was entered dismissing the bill, and the plaintiff appealed.

---

[1] The Secretary of the Commonwealth (Secretary) is also joined as a party defendant.

[2] General Laws c. 53, § 8, as amended through St. 1971, c. 202, provides in material part as follows: "All certificates of nomination and nomination papers shall, in addition to the names of candidates, specify as to each, (1) his residence, with street and number, if any, (2) the office for which he is nominated, and (3), except as otherwise provided in this section and in city charters, the party, if any, which he represents, expressed in not more than three words . . . . If a candidate is nominated otherwise than by a political party the name of a political party shall not be used in his political designation nor shall the name of any organization which has been adjudicated subversive under section eighteen of chapter two hundred and sixty-four be used in his political designation."

General Laws c. 50, § 1, as amended by St. 1951, c. 805, § 4, defines "political party" as follows: " 'Political party' shall apply to a party

The facts, as summarized from the statement of agreed facts are as follows. The plaintiff obtained nomination papers to enable his name to be placed on the ballot as a candidate for representative in the November, 1972, election. He believes that his nomination papers now contain substantially more than the requisite number of valid signatures. The plaintiff presented his nomination papers to the board for certification of signatures by it under G. L. c. 53, § 7. After a hearing, the board notified the plaintiff by a letter dated June 28, 1972, that it would not accept his papers for certification. Certification by the board is a prerequisite to the filing of nomination papers with the Secretary under the provisions of G. L. c. 53, § 7. See G. L. c. 51, § 16A. The Secretary has agreed that if the board is ordered to accept the plaintiff's nomination papers for checking and certification and does certify them, the Secretary will accept them for filing (if promptly submitted) and issue a certificate acknowledging receipt.

The board argues that it has a duty to make the initial determination as to whether nomination papers are in proper form, and that it must refuse to accept those papers if they are not in proper form. Statutory authority for this conclusion is far from clear and therefore we assume, but do not decide, that the board is correct. It further contends that the plaintiff's nomination papers here are not in proper form because (1) the plaintiff, who seeks to have his name placed upon the ballot by collecting signatures upon nomination papers, is therefore a candidate for election otherwise than by a political party, (2) in such a case G. L. c. 53, § 8, provides that the applicant shall not use the name of any organization which has been adjudicated subversive under G. L. c. 264, § 18, in his designation, (3)

which at the preceding biennial state election polled for governor at least three per cent of the entire vote cast in the commonwealth for that office . . . . A political party, as used in this section, shall not include any organization which has been adjudicated subversive under section eighteen of chapter two hundred and sixty-four, nor shall it include the Communist Party."

the Communist Party has been legislatively found to be a subversive organization under G. L. c. 264, § 16A, (4) the plaintiff's nomination papers contained the word "Communist" upon a line which called for a statement of "party or political principle," and the papers must therefore be refused when offered for verification because they are in violation of G. L. c. 53, § 8.

We do not agree with the board's argument numbered (4) above, or its decision to refuse to accept the papers. We conclude that the word "Communist," as inserted in the plaintiff's nomination papers, is a statement of political principle, rather than an assertion of the plaintiff's political party. We reach this conclusion because the plaintiff is precluded by G. L. c. 53, § 8, from designating a political party on the papers; because the Communist Party is expressly excluded from the definition of "political party" in G. L. c. 50, § 1; and because, in completing printed forms which called for a designation either of party or political principle, the plaintiff significantly did not insert the words "Communist Party." The statute upon which the commissioners rely, G. L. c. 264, § 16A, declares that the "Communist Party" is a subversive organization. There is no legislative determination related to persons favoring Communist principles. It follows that the board is in error in its argument that the plaintiff's nomination papers were, by use of the word Communist, in violation of the General Laws. Our examination of all of the relevant statutes confirms our holding.[3]

In view of our conclusion, we need not consider the plaintiff's further argument that G. L. c. 53, § 8, excludes the listing on nomination papers only of organiza-

[3] We have observed that G. L. c. 53, § 8, requires that a candidate (such as the plaintiff here) who "is nominated otherwise than by a political party" shall not use the name of a political party in his designation. The same statute formerly provided that a candidate should designate his party "or political principle" in his papers, but the words "or political principle" were deleted by St. 1957, c. 14. Nevertheless, the nomination papers furnished to the plaintiff provided space for a statement of his party or political principle, and this in turn presumably helped to create the controversy now before us.

tions adjudicated subversive under G. L. c. 264, § 18, and does not proscribe the listing of the Communist Party, which has not been *adjudicated* subversive but has been *declared* subversive by the Legislature in G. L. c. 264, § 16A. We also need not consider the plaintiff's arguments that the board has applied the statutes in an unconstitutional manner under the First Amendment and other provisions of the United States Constitution.

The decree is reversed and a new decree shall be entered declaring that the board exceeded its authority in refusing to accept the plaintiff's nomination papers, and requiring that it accept the plaintiff's nomination papers, that it proceed to verify the signatures, and that it certify the papers to the Secretary if the signatures meet the requirements for certification. Since the parties may have need for further recourse to the Superior Court, and since time is of the essence in this matter which concerns the November, 1972, election, the decree shall also provide that the Superior Court shall retain jurisdiction of the case. In view of the stipulation by the Secretary that he will act pursuant to his statutory duties if the certified papers are promptly submitted to him, further directions to him in the decree are unnecessary.

*So ordered.*